UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00230-MOC
(3:14-cr-00034-MOC-DSC-1)

| | |
|---|---|
| **JERRY LEE EDWARDS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1].[1]

**I.    BACKGROUND**

On February 19, 2014, Petitioner Jerry Lee Edwards ("Petitioner") was charged in a Bill of Indictment with one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four).  [CR Doc. 13: Bill of Indictment].  On May 19, 2014, the parties agreed to stipulations of fact, signed by Petitioner, in which Petitioner admitted to facts supporting each

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00230-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00034-MOC-DSC.

charge of the Indictment. [CR Doc. 30]. Based on these stipulations and evidence that had been presented in an earlier motion to suppress, Petitioner was found guilty on all four counts after a bench trial. [5/19/2014 Docket Entry; see CR Doc. 39: Verdict]. The Court sentenced Petitioner to a term of imprisonment of 70 months on each of Counts One, Two, and Four, to run concurrently, and a term of imprisonment of 60 months on Count Three, to run consecutively to the other counts, for a total term of imprisonment of 130 months. [CR Doc. 48 at 2: Judgment]. Judgment on Petitioner's conviction was entered on February 24, 2016. [Id.]. Petitioner appealed and, on November 21, 2016, the Fourth Circuit affirmed. United States v. Edwards, 666 Fed. App'x 253 (4th Cir. 2016). Petitioner did not petition the Supreme Court for certiorari.

On April 30, 2021, Petitioner filed the pending motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. [CV Doc. 1]. As grounds for this relief, Petitioner argues that his conviction on the § 922(g) offense must be vacated under Rehaif v. United States, 139 S.Ct. 2191 (2019). In Rehaif, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200. Plaintiff argues that Rehaif "now voids Petitioner's guilty plea because this Court accepted it without advising Petitioner of the element requiring knowledge of his … prohibited status under § 922(g)." [CV Doc. 1 at 2].

The Court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255 and finds that the motion appears untimely. Petitioner has also failed to sign his petition under penalty of perjury. Rule 2(b)(5), 28 U.S.C.A. foll. § 2255 (motion to vacate must be signed under penalty of perjury "by the movant or by a person authorized to sign it for the movant").

## II.     DISCUSSION

Section 2255 imposes a one-year statute of limitations period for the filing of a motion to vacate:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section 2255(f) on February 20, 2017, when the deadline for Petitioner to petition for certiorari expired. See 85 F.R.D. 435, Rule 13.1. Accordingly, the one-year period of limitations under Section 2255 expired on February 20, 2018. Petitioner did not file his Section 2255 motion to vacate until April 30, 2021. [See CV Doc. 1]. As such, it is untimely under § 2255(f)(1). [See CV Doc. 1].

Petitioner, however, relies on Rehaif as grounds for his pending motion. Even assuming *arguendo* that Rehaif would otherwise afford Petitioner relief, Rehaif was decided by the Supreme Court on June 21, 2019 and Petitioner did not file his motion within one year of that decision. As such, Petitioner's claim appears untimely under §§ 2255(f)(1) and (3).

3

The Court will grant Petitioner 20 days in which to explain why this claim should not be dismissed as untimely, including any reasons why equitable tolling[2] should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 motion).

Also, as noted, Petitioner has failed to sign his petition under penalty of perjury. [See CV Doc. 1 at 4]. Within twenty 20 days of this Order, Petitioner must sign the petition under penalty of perjury and resubmit it in accordance with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings. The Petitioner is further instructed to complete the proper Section 2255 form that will be sent by the Clerk to the Petitioner. Petitioner's failure to return the completed Section 2255 form, signed under penalty of perjury, within 20 days of this Order, may result in dismissal of this action without prejudice.

## III. CONCLUSION

Because it appears that Petitioner's Section 2255 petition is time barred, the Court will grant Petitioner 20 days in which to provide an explanation as to why the Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of

---

[2] To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

4

§ 2255 Motion).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner shall have twenty (20) days from entry of this Order in which to explain to the Court why his Section 2255 Motion to Vacate should not be dismissed as untimely. The failure to timely comply with this Order may result in dismissal of the petition without further notice to Petitioner.

**IT IS FURTHER ORDERED** that Petitioner shall return the completed Section 2255 form, signed under penalty of perjury, within twenty (20) days of this Order and is advised that the failure to do so may result in dismissal of this action without prejudice.

The Clerk is respectfully instructed to mail Petitioner a blank Section 2255 form.

Signed: June 1, 2021

Max O. Cogburn Jr.
United States District Judge