# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:21-cv-00230-MOC
### (3:14-cr-00034-MOC-DSC-1)

| | | |
|---|---|---|
| **JERRY LEE EDWARDS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on periodic status review and Petitioner's "Motion to Vacate Judgment Under 28 U.S.C. § 2255." [Doc. 1].

Petitioner filed his Section 2255 Motion to Vacate on April 30, 2021. [Doc. 1]. On initial review under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255, the Court found that the motion appeared untimely and that Petitioner failed to sign his motion under penalty of perjury. [Doc. 2]. On June 1, 2021, the Court, therefore, granted Petitioner twenty (20) days in which to provide an explanation as to why his Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion). [Id.]. Finally, the Court advised Petitioner that his failure to return the Section 2255 form, signed under penalty of perjury and explaining why his petition should not be dismissed as untimely, within twenty days of service of that Order, may result in dismissal of this action without prejudice. [Id. at 5].

Petitioner has not responded to the Court's Order. It appearing that Petitioner's motion is

untimely in any event, the Court will dismiss Petitioner's motion without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 Motion to Vacate [Doc. 1] is **DISMISSED** without prejudice.

2. The Clerk is instructed to terminate this action.

Signed: July 14, 2021

Max O. Cogburn Jr.
United States District Judge